IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARTHUR RODGERS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-12-3778 |
| MICHEAL STALLINGS, et al., | * | |
| Defendant | * | |
| | *** | |

## ORDER

The court is in receipt of plaintiff's motion for preliminary injunction wherein he claims that he has suffered "reprisal and retaliation from defendant prison guards or those prison guards whom are as yet unidentified." ECF No. 32. He seeks a hearing wherein he may testify as to the "threats [and] harassment" and a transfer from the Cumberland region and complains that prison staff have verbally threatened him, failed to deliver letters and ARPs, and forced him to house in a cell with a known allergen. *Id*.

Plaintiff has also filed a "Request for Immediate Relief and Hearing Regarding Issues of Copying and Mailing of Court Documents." ECF No. 35. Plaintiff alleges that he gave Office Walters documents to copy on his behalf and they were never returned to him. He seeks an order to compel NBCI officials to process the ARP he filed regarding this incident, that he be provided a receipt from NBCI staff when they collect his outgoing mail, and that he be transported to court to provide testimony on this issue. Plaintiff indicates his fear that he will be unable to respond to dispositive motions filed in this case because he cannot rely on staff to copy his materials. *Id*.

Plaintiff is reminded that he is free to hand copy any materials he chooses to submit or submit original materials to the court. He is further reminded that if he is unable to provide

copies of documents filed to opposing counsel, they are able to access same through the court's electronic docket.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial than the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7,  20-23 (2008).  Plaintiff's request for injunctive relief shall be denied, as he does not clearly establish that he would suffer immediate and irreparable injury, loss, or damage if the requested relief is not granted.[1]  In short, the conditions set out by plaintiff do not warrant immediate emergency relief and his motions (ECF Nos. 32 & 35) shall be denied.

The court is also in receipt of correspondence form plaintiff wherein he seeks a copy of the docket sheet for his case.  ECF No. 36.  The request shall be granted.

Plaintiff's motion for enlargement of time within to respond to defendants' dispositive motion shall also be granted. ECF No. 41.  Plaintiff shall file his opposition on or before November 15, 2013.[2]

The court is also in receipt of plaintiff's motion to compel defendants produce information "pertinent to this matter."  ECF No. 42.  Plaintiff seeks any reports prepared as a result of the July 11, 2012 altercation between plaintiff and defendants, including Sgt. Fagan's investigation.  Plaintiff also seeks the investigatory reports prepared in conjunction with the

---

[1] Inasmuch as plaintiff has a forum for his complaint, equitable remedies, such as temporary restraining orders, shall not be given.

[2] Defendants' motion for extension of time to file their dispositive motion (ECF No. 34) shall be granted nunc pro tunc.

ARPs submitted by him.  He seeks reports related to certain Inmate Grievance Office cases, as well as the number of grievances wherein prisoners claimed they were beaten by prison staff, the notice of hearing issued in such cases, and copies of the documents sent to prisoners after grievances were submitted on claims of excessive force. Additionally, plaintiff seeks documents indicating the number of inmates confined at NBCI since 2009 who asserted that their ARPs and ARP appeals were not returned to them.  Plaintiff also seeks the audio recording of his disciplinary hearing on July 24, 2012 and seeks access to the video footage of the July altercation as well as video footage of Housing Unit 1 from July 11 to July 15, 2012.  He seeks documents concerning any action wherein the named defendant correctional officers were accused or found guilty of using excessive force or threatening to deprive a prisoner of medical care or access to the ARP process.  Plaintiff also seeks the disclosure of instances of prisoner on prisoner violence at NBCI from 2007 to 2013.  *Id*.

Plaintiff states that he requires the foregoing information so that it "may be referenced and provided to the court in opposition to the...dispositive motions." *Id*.  He generally states that the requested material is pertinent to his opposition.  Plaintiff also states he is concerned about spoliation of evidence. *Id*.

Under Local Rule 104.4. (D. Md. 2011), discovery does not begin in a civil action until the court issues a scheduling order or otherwise orders that discovery proceed, unless the parties agree.  No scheduling order has been entered in this matter, and the parties have not agreed to commence discovery.  Moreover, plaintiff has failed to state with any particularity the basis for his request.  He offers no explanation as to how any of the requested documents would aid his effort to counter the pending dispositive motion other than to state in general terms that he cannot properly oppose the summary judgment motions without the requested documents, nor

can he present essential facts. He has failed to demonstrate that the material requested is essential to his opposition as required under Fed. R. Civ. P. 56(d). Accordingly, plaintiff's request for discovery shall be denied without prejudice subject to reconsideration after review of the dispositive motion and the opposition filed by plaintiff.

Also pending is plaintiff's motion for appointment of counsel. ECF No. 43   Plaintiff's request for representation has been read, considered, and shall be denied. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[3] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

The court finds from review of the complaint and other documents filed by plaintiff hat he is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty. Furthermore, the court concludes that plaintiff's complaint is not of undue complexity. The court is mindful of plaintiff's limited resources; however, in the exercise of its discretion, the court shall deny plaintiff's request for appointment of counsel at this time. The request may be reconsidered if warranted by further developments in this case.

Plaintiff request for default (ECF No. 44) shall be denied. Defendants sought and were granted extensions to respond to the complaint. Defendants filed a timely dispositive motion on September 13, 2013. ECF No. 39.   .

---

[3] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

Accordingly, it is this 15th day of October, 2013, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion for preliminary injunction (ECF No. 32) IS DENIED;

2. Defendants' motion for extension of time (ECF No. 34) IS GRANTED nunc pro tunc;

3. Plaintiff's request for immediate relief (ECF No. 35) IS DENIED;

4. Plaintiff's correspondence, construed as a motion for copy work (ECF No. 33) IS GRANTED;

5. Plaintiff's request for extension of time (ECF No. 41) IS GRANTED to and including November 15, 2013;

6. Plaintiff's motion to compel (ECF No. 42) IS DENIED WITHOUT PREJUDICE;

7. Plaintiff's motion for appointment of counsel (ECF No. 43) IS DENIED WITHOUT PREJUDICE;

8. Plaintiff's request for entry of default (ECF No. 44) IS DENIED; and

9. The Clerk SHALL TRANSMIT a copy of this Order and a copy of the docket sheet to plaintiff and a copy of this Order to counsel of record.

_____/S/_____
Catherine C. Blake
United States District Judge